UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| INFINAQUEST, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CIVIL NO. 2:12cv222 |
| | ) |
| DIRECTBUY, INC., and BETA FINANCE | ) |
| COMPANY, INC., | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

This matter is before the court on a motion to dismiss for lack of subject matter jurisdiction filed by the defendants, DirectBuy, Inc., ("DirectBuy") and Beta Finance Company ("Beta"), on July 30, 2012. The plaintiff, InfinaQuest, LLC ("IQ"), filed a response on July 31, 2012. The defendants have declined to file a reply.

For the following reasons, the motion to dismiss will be denied.

Discussion

A motion to dismiss for lack of subject-matter jurisdiction under Fed.R.Civ.P. 12(b)(1) may be raised by any party or by the court *sua sponte*. *Masterspas, Inc. v. Master Pools & Spas, LLC*, 2008 U.S. Dist. LEXIS 52448 (N.D. Ind. July 8, 2008)("The possible absence of subject-matter jurisdiction is an issue that the court should raise on its own motion."), *citing*, *Wernsing v. Thompson*, 423 F.3d 732, 743 (7th Cir. 2005); *Smoot v. Mazda Motors of America, Inc.*, 469 F.3d 675, 678 (7th Cir. 2006)(because "limits on subject-matter jurisdiction are not waivable or forfeitable . . . federal courts are required to police their jurisdiction"). Subject-matter jurisdiction refers to "prescriptions delineating the classes of cases . . . falling within a court's adjudicatory authority." *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004). "If the court determines at

any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3).

Plaintiff bears the burden of establishing by a preponderance of the evidence that the Court has subject-matter jurisdiction. *Halker v. United States*, 2010 U.S. Dist. LEXIS 72339 *13 (S.D. Ind. 2010); *Nick's Cigarette City, Inc. v. United States*, 2006 U.S. Dist. LEXIS 65898 * 7 (N.D. Ind. 2006).

The Complaint in this case states that IQ is organized and existing under the laws of the State of New York with its principal place of business in Great Neck, New York. The defendants argue that a limited liability company like IQ is considered a citizen of every state of which any of its members is a citizen, so to properly allege diversity jurisdiction, the Complaint must plead the citizenship of all of the limited liability company's members. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)(diversity jurisdiction in a suit by or against the entity depends on the citizenship of "all the members"); *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 997 (7th Cir. 2007)("For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members."); *Thomas v. Guardsmark LLC*, 487 F.3d 531, 533-34 (7 Cir. 2007)("For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members."). The failure to so plead requires dismissal of the Complaint for lack of subject-matter jurisdiction. *Masterpas, Inc. v. Master Pools & Spas, LLC*, 2008 U.S. Dist. LEXIS 52448 (N.D. Ind. July 8, 2008)(finding allegations of the complaint insufficient to establish diversity where the citizenship of the LLC's members were not pleaded).

In the present case, IQ alleges the Court has subject-matter jurisdiction based solely on diversity of citizenship between the parties. [Complaint, ¶ 5.] IQ attempts to establish

diversity by alleging that Defendants are Indiana corporations with principal places of business in Indiana, and Plaintiff is a New York Limited Liability Company with its principal place of business in New York. [Complaint, ¶¶ 1-3.] However, the defendants object because IQ has failed to plead the citizenship of any of its own members.

In response to the motion, IQ has informed the court that IQ has two members, Alex Allgood, a citizen of Texas, and Leonard Leff a citizen of New York.  As the complaint alleges that the defendants are organized and existing under the laws of the State of Indiana with their principal places of business in Merrillville, Indiana, it appears that complete diversity exists and this court has proper subject matter jurisdiction.  The defendants have declined to file a reply in this case, indicating that they no longer dispute that lack of subject matter diversity exists.

Accordingly, as it has been shown that complete diversity exists in this case, the motion to dismiss for lack of subject matter jurisdiction will be denied.

## Conclusion

On the basis of the foregoing, the defendants' motion to dismiss [DE 14] is hereby DENIED.

Entered: September 7, 2012.

s/ William C.  Lee<br>
William C. Lee, Judge<br>
United States District Court